UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL PITTS,

        Petitioner,

                                            CASE NO. 13-15139
v.                                         HONORABLE GERALD E. ROSEN

KEN ROMANOWSKI,

        Respondent.
_____/

**OPINION AND ORDER
GRANTING PETITIONER'S MOTION FOR A STAY
AND TO HOLD HIS HABEAS PETITION IN ABEYANCE** (Dkt. #12)
**AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES**

On December 18, 2013, petitioner Nathaniel Pitts filed a *pro se* habeas corpus petition challenging his Wayne County, Michigan convictions for armed robbery and two firearm offenses. On August 1, 2014, respondent Ken Romanowski filed an answer to the petition in which he claims that Petitioner did not exhaust state remedies for one of his claims. Petitioner subsequently moved to stay these proceedings and to hold his habeas petition in abeyance. Because Petitioner appears to have an available state remedy to exhaust and because it would not be an abuse of discretion to grant a stay, the Court will grant Petitioner's motion.

**I. Background**

Following a jury trial in Wayne County Circuit Court, Petitioner was found guilty

of armed robbery, Mich. Comp. Laws § 750.529, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b.  Petitioner was sentenced as a habitual offender to prison terms of thirteen to thirty years for the armed robbery conviction, two to seven and a half years for the felon-in-possession conviction, and two years for the felony firearm conviction.

On appeal from his conviction, Petitioner argued that he was denied the effective assistance of trial counsel because counsel failed to investigate Petitioner's prior record and failed to insure that documents pertaining to the prosecutor's plea offer were accurate.  The Michigan Court of Appeals affirmed Petitioner's convictions after concluding that defense counsel was not ineffective.  *See People v. Pitts*, No. 301545, 2012 WL 160549 (Mich. Ct. App. May 8, 2012) (unpublished).  Petitioner raised the same issue in Michigan Supreme Court, which denied leave to appeal on December 26, 2012, because it was not persuaded to review the issue.  *See People v. Pitts*, 493 Mich. 917; 823 N.W.2d 600 (2012) (table).

On December 13, 2013, Petitioner signed and dated his habeas petition, and on December 18, 2013, the Clerk of the Court filed the petition.  The grounds for relief and supporting facts read:

>   I.      Failed plea agreement
>
>           I wanted a plea agreement, but the judge told me and my co-
>           defendant that we should go to [trial] because the prosecution

>  can't even get the cases right.  The judge [mislead] us to
>  going to [trial].  And my transcripts will support this fact.
>
> II. Me being a 4th habitual.  I never should've had a 4th habitual at all.
>
>  The facts are I was only a second habitual and[.]  [H]ad my attorney got that right from the start[,] I would've had a better plea, and yes I would've took (sic) it.  But I was offered a plea under a 4th habitual.

Attached to the habeas petition is Petitioner's state appellate brief, which raises the additional claim that Petitioner's trial attorney was ineffective for failing to investigate Petitioner's prior record and for failing to ensure that the documents used during plea negotiations were accurate.

Respondent argues in an answer to the habeas petition that Petitioner did not exhaust state remedies for his first claim regarding the failed plea agreement.  In his pending motion, Petitioner urges the Court to stay his case while he exhausts state remedies for his first claim and two additional claims.  He frames his unexhausted claims as follows:

> I. The state trial court misled Petitioner into going to trial because there were several discrepancies or error[s] concerning the purported guilty plea agreements.  The record is not supported which requires a testimonial Genther (sic) hearing
>
> II. The state violated Petitioner's right of access to court by refusing to provide him his trial records to adequately file his federal habeas corpus petition violating Petitioner's Fourteenth Amendment right.

3

    III.    Petitioner Pitts received ineffective assistance of appellate counsel during his appeal of right and failed to provide Petitioner his trial records.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to fairly present all their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999); *Nali v. Phillips*, 681 F.3d 837, 851 (6th Cir.), *cert. denied*, __ U.S. __, 133 S. Ct. 535 (2012). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. at 845, 847. To be properly exhausted, each claim must have been fairly presented to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

Under the "stay-and-abeyance" procedure approved by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005), a court may stay a federal proceeding and hold a habeas petition in abeyance while the inmate returns to state court to exhaust state remedies for previously unexhausted claims. *Id*. at 275. After the petitioner exhausts state remedies, the district court can lift its stay and allow the inmate to proceed in federal court. *Id*. at 275-76. A stay is "available only in limited circumstances," such as "when

the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the petitioner is not "engage[d] in abusive litigation tactics or intentional delay." *Id*. 277-78.

Petitioner wants the Court to stay these proceedings and to hold his habeas petition in abeyance while he returns to state court and seeks relief from the trial court in a motion for relief from judgment.[1]  In his post-judgment motion, he intends to raise his first claim (that the trial court misled him into going to trial) and two additional claims, which allege that he was denied his right of access to the courts and his right to effective assistance of appellate counsel.  These claims ultimately may prove to be meritless, but Petitioner does not appear to be engaged in abusive litigation tactics, and he implies in his habeas petition that his appellate attorney was "cause" for the failure to raise all his claims on direct review.  *See* Pet. at 6.

Furthermore, district courts are not prevented from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies," or from "deeming the limitations period tolled for [a habeas] petition as a

---

[1] Pursuant to Subchapter 6.500 of the Michigan Court Rules, a defendant may seek relief from judgment "in the form of a motion to set aside or modify the judgment." Mich. Ct. R. 6.502(A).  Although a defendant generally may file only one motion for relief from judgment, Mich. Ct. R. 6.502(G), it does not appear that Petitioner has taken advantage of his remedy under Subchapter 6.500.  If he is unsuccessful in the state trial court, he may apply for leave to appeal the trial court's decision in the Michigan Court of Appeals and Michigan Supreme Court.  *See* Mich. Ct. R. 6.509(A), 7.203(B), 7.205, and 7.301-302.

matter of equity." *Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring). In fact, it is preferable for a district court to retain jurisdiction over exhausted claims and stay proceedings pending exhaustion of state remedies when the failure to retain jurisdiction would foreclose federal review of meritorious claims due to the lapse of the one-year statute of limitations for habeas petitions. *Id*.

Petitioner's exhausted claims about trial counsel are not plainly meritless, and a dismissal of this case while Petitioner pursues state remedies could preclude consideration of a second or subsequent habeas petition due to the expiration of the one-year statute of limitations.[2] Consequently, it is not an abuse of discretion to stay this case while Petitioner pursues additional state remedies. Therefore,

IT IS HEREBY ORDERED that Petitioner's motion for a stay and to hold his habeas corpus petition in abeyance (Dkt. #12) is granted.

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case for administrative purposes. Nothing in this order shall be construed as an adjudication of Petitioner's claims.

---

[2] *See* 28 U.S.C. § 2244(d)(1) (establishing a one-year period of limitation for state prisoners to file a federal habeas corpus petition). Under § 2244(d)(1)(A), the limitations period runs from the date that the petitioner's conviction became final. Petitioner's convictions became final on or about March 26, 2013, when the ninety-day deadline expired for filing a petition for the writ of certiorari in the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, __ U.S. __, __, 132 S. Ct. 641, 653-54 (2012); Sup. Ct. R. 13.1. He filed his habeas petition more than eight months later in mid-December 2013.

IT IS FURTHER ORDERED that, if Petitioner is unsuccessful in state court, he may return to this Court and file an amended habeas corpus petition and a motion to re-open this case, using the same case number that appears on this order. An amended petition and motion to re-open this case must be filed within ninety (90) days of exhausting state remedies.

                                        s/Gerald E. Rosen
                                        Chief Judge, United States District Court

Dated: September 16, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 16, 2014, by electronic and/or ordinary mail.

                                        s/Julie Owens
                                        Case Manager, (313) 234-5135